Total Merch. Servs., LLC v. TMS NC, Inc., 2022 NCBC 40.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

TOTAL MERCHANT SERVICES, LLC,

    Plaintiff,

v.

TMS NC, INC. AND CHRISTOPHER
COLLINS,

    Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
21 CVS 5801

**ORDER AND OPINION ON
DEFENDANTS' MOTION TO
DISMISS, OR, IN THE
ALTERNATIVE, FOR SUMMARY
JUDGMENT**

1.     **THIS MATTER** is before the Court upon Defendants TMS NC, Inc. ("TMS NC") and Christopher Collins' ("Collins") (together, "Defendants") Motion to Dismiss or in the Alternative Motion for Summary Judgment (the "Motion") pursuant to Rules 12(b)(6) and 56 of the North Carolina Rules of Civil Procedure ("Rule(s)") filed on 1 April 2022 in the above-captioned action.[1]

2.     Having considered the Motion, the related briefs, the arguments of counsel at the hearing on the Motion, and other appropriate matters of record, the Court hereby **DENIES** the Motion.

> *Ellis & Winters LLP, by Thomas H. Segars and Jeremy Falcone, and Councill, Gunnemann & Chally, LLC, by Joshua P. Gunnemann, for Plaintiff Total Merchant Services, LLC.*
>
> *Hatcher Legal, PLLC, by Nichole M. Hatcher and Erik P. Lindberg, for Defendants TMS NC, Inc. and Christopher Collins.*

Bledsoe, Chief Judge.

---

[1] (Defs.' Mot. Dismiss or in the Alt. Mot. for Summ. J., ECF No. 68.)

I.

BACKGROUND

3.     Plaintiff Total Merchant Services, LLC ("TMS") initiated this action in Wake County Superior Court on 28 April 2021, asserting claims against Defendant TMS NC for breach of contract, breach of the implied duty of good faith and fair dealing, and indemnification, and against TMS NC's owner, Collins, for breach of contract, all arising out of Defendants' alleged breach of an exclusive sales agreement as amended.[2]

4.     In brief, the parties' predecessors-in-interest entered a Sales Representation Agreement (the "Agreement") in 2008 by which, in exchange for selling and marketing TMS's products and services, TMS NC is paid a "residual share," the difference between certain rates and fees charged to each business customer that TMS NC solicits on behalf of TMS and certain rates and fees that TMS pays to third-party credit card associations and other related vendors for those services.[3]

5.     In 2018, the parties entered into an addendum to the Agreement (the "Exclusivity Addendum"), which increased TMS NC's residual share percentage in exchange for TMS NC's promise to exclusively market and sell TMS's products.[4]

---

[2] (Verified Compl. [hereinafter "Compl."], ECF No. 2.)

[3] (Compl. Ex. A, ECF No. 2; Compl. ¶ 14; TMS NC's Answer with Countercl. and Third-Party Claims ¶ 13, ECF No. 34.)

[4] (Compl. Ex. B, ECF No. 2.)

6.    Plaintiff alleges that Defendants breached the Agreement and the Exclusivity Addendum by selling competing programs, refusing TMS inspection rights, and refusing to produce required records and other required information. Plaintiff further contends that Collins has breached a personal guaranty and that TMS NC has breached an indemnification provision in the Agreement, both for failing to pay TMS for its losses associated with Defendants' breaches of the Agreement and the Exclusivity Addendum.  For its remedy, Plaintiff seeks damages as well as specific performance, preliminary and permanent injunctive relief, and declaratory relief requiring Defendants' compliance with the terms of the Agreement and the Exclusivity Addendum.[5]

7.    Contemporaneously with the Complaint, TMS filed a Motion for Preliminary Injunction.[6] Before the Motion for Preliminary Injunction was heard, however, Defendants removed the case to the United States District Court for the Eastern District of North Carolina, Western Division, on 8 June 2021.[7]  The case was later remanded to the Superior Court of North Carolina on 16 December 2021 upon the federal court's conclusion that the case had been improperly removed and the federal court's resulting imposition of sanctions against Defendants.[8]

---

[5] (*See generally* Compl.)

[6] (Mot. Prelim. Inj., ECF No. 4.)

[7] (Notice of Removal, ECF No. 29.)

[8] (Order, ECF No. 56.)

8. After remand, on 18 January 2022, TMS filed an Amended Motion for Preliminary Injunction.[9] The Amended Motion for Preliminary Injunction was heard by the Honorable John W. Smith on 17 March 2022.[10] Judge Smith did not resolve the Amended Motion for Preliminary Injunction and, at Judge Smith's recommendation, on 21 March 2022, the Chief Justice of the Supreme Court of North Carolina designated this action as a complex business case under Rules 2.1 and 2.2 of the General Rules of Practice for the Superior and District Courts and assigned the case to the undersigned.[11]

9. On 4 April 2022, TMS filed its Second Amended Motion for Preliminary Injunction (the "PI Motion"), contending that Defendants had violated (i) the nonsolicitation provision in the Agreement and the exclusivity provision in the Exclusivity Addendum by referring customers and potential customers to competitors of TMS; and (ii) TMS's inspection rights under the Agreement by refusing to comply with TMS's request to inspect and copy certain books, accounts, records, and files.[12]

10. After full briefing and hearing, the Court granted the PI Order in part and denied it in part by order dated 6 May 2022 (the "PI Order").[13] The Court

---

[9] (Am. Mot. Prelim. Inj., ECF No. 17.)

[10] (*See* Notice of Hr'g, ECF No. 20.)

[11] (Designation Order, ECF No. 1; Order Staying Case Until Bus. Ct. Accepts or Rejects, ECF No. 24.)

[12] (Second Am. Mot. for Prelim. Inj. ¶¶ 2–3, ECF No. 72.)

[13] (Order on Pl. Total Merchant Services' Second Am. Mot. for Prelim. Inj., ECF No. 98.) The Court subsequently amended the PI Order (the "Order Amending PI Order") on 19 May 2022 to more accurately reflect Plaintiff's interpretation of the Agreement and to indicate that

determined that Plaintiff had shown a likelihood of success on its claims for breach of contract against TMS NC but that Plaintiff's request for attorneys' fees and costs was premature.[14]

11.    On 18 May 2022, after full briefing, the Court held a hearing on the Motion (the "Hearing"), at which all parties were represented by counsel.[15]

12.    The Motion is now ripe for resolution.

## II.

## ANALYSIS

13.    As an initial matter, Defendants have supported their Motion with affidavits and documentary evidence that were not attached to or referenced in the Complaint.[16]    Accordingly, the Court will consider Defendants' Motion as a motion

---

Plaintiff had paid the required bond.  The Court did not otherwise modify the order at that time.  (Order Amending Order on Pl. Total Merchant Services' Second Am. Mot. for Prelim. Inj., ECF No. 115; *see also* Am. Order on Pl.'s Second Am. Mot for Prelim. Inj., ECF No. 115.1; Am. Order on Pl.'s Second Am. Mot for Prelim. Inj., ECF No. 116.)  That same day, the Court issued a Second Amended Order on Plaintiff's Motion for Preliminary Injunction (the "Second Amended PI Order") and an order clarifying that its Order Amending PI Order did not change the dates for compliance with paragraph 70 of the PI Order and that the deadline for Defendants to comply with the PI Order remained 13 May 2022.  (Order Clarifying Order Amending Order on Pl. Total Merchant Services' Second Am. Mot. for Prelim. Inj., ECF No. 118; *see also* Second Am. Order on Pl.'s Second Am. Mot for Prelim. Inj., ECF No. 118.1; Second Am. Order on Pl.'s Second Am. Mot for Prelim. Inj. [hereinafter "Second Am. PI Order"], ECF No. 119.)  The Second Amended PI Order, (ECF No. 119), is the operative version of the PI Order and the Court will cite to the Second Amended PI Order in the remainder of this Order.

[14] (Second Am. PI Order ¶¶ 54, 63, 67.)

[15] (*See Sua Sponte* Am. Scheduling Order and Second Am. Notice of Hr'g, ECF No. 84.)

[16] (*See* Defs.' Exs. to Mot. Dismiss and Mot. for Summ. J., ECF No. 71.)  Before Defendants filed the Motion, most of these exhibits had never been shared with Plaintiff.

for summary judgment under Rule 56 rather than as a motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Blue v. Bhiro*, 2022 N.C. LEXIS 441, at \*1 (May 6, 2022) ("A motion to dismiss under Rule 12(b)(6) asserts that the complaint, even when the allegations are taken as true, fails to state a claim upon which relief can be granted. If, however, a trial court considers matters outside the pleading, then it must convert the motion to a motion for summary judgment.").

14. The arguments Defendants advance in support of the Motion, both in briefing and at the Hearing, are identical to those unsuccessfully advanced in opposition to the PI Motion. In particular, Defendants contend here that Plaintiff caused an Event of Default that allowed Defendants to immediately terminate the Exclusivity Addendum and that termination of the Exclusivity Addendum also caused Plaintiff to forfeit its inspection rights.[17] The Court, however, rejected Defendants' arguments in the PI Order, concluding that Plaintiff had shown a likelihood of success in establishing that the Agreement and Exclusivity Addendum had not been terminated, that those documents remained in full force and effect, and that Defendants had breached their obligations to Plaintiff thereunder.[18]

15. The Court's conclusions in the PI Order compel the Court to conclude, for the same reasons, that Plaintiff has satisfactorily pleaded its breach of contract

---

[17] (*Compare* Defs.' Mem. Supp. Mot. Dismiss or in the Alt. Mot. for Summ. J. 10, ECF No. 69 ("[T]he contract actually terminated with the Defendants first notice as of July 6, 2020.") *with* Mem. Opp'n Pl.'s Second Am. Mot. for Prelim. Inj. 8, ECF No. 82 ("[A]s of June 15, 2020, and certainly no later than August 10, 2020, Plaintiff's confirmed receipt, the Addendum and exclusivity required under the Contract had fully and effectually been terminated.").)

[18] (*See generally* Second Am. PI Order ¶¶ 38–66.)

claims under Rule 12(b)(6) and shown at least a genuine issue of material fact as to those claims under Rule 56. Accordingly, the Court concludes that Defendants' Motion should be denied.[19]

### III.

### CONCLUSION

16.    **WHEREFORE**, for the foregoing reasons, the Court hereby **DENIES** Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment.

**SO ORDERED**, this 21st day of July 2022.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge

---

[19] Other than contend that the Agreement and Exclusivity Addendum are no longer valid and enforceable, Defendants do not make specific arguments challenging Plaintiff's claims against Collins for breach of his personal guaranty, against TMS NC for indemnification, or against both Defendants for the equitable relief Plaintiff seeks. Based on its careful review, however, the Court nonetheless concludes that Plaintiff has both satisfactorily pleaded these claims and requested relief for purposes of Rule 12(b)(6) and has offered evidence establishing at least a disputed issue of material fact as to these matters sufficient to defeat Defendants' Motion under Rule 56.